No. 341
SMITH v. DAVIDSON
Ohio Appeals, Franklin County
No. 1151. Decided Feb. 7, 1924
677. JUDGMENTS AND DECREES—A court order which contained a clause keeping the case on the docket for further order held to be an interlocutory and not a final decree.

ALLREAD, J.               Epitomized Opinion
Published Only in Ohio Law Abstract

Action in partition in the Common Pleas. The court made an entry appointing a surveyor to go upon the land which was the subject of litigation and make surveys, and that thereafter the sheriff should execute deeds to certain of the parties. The entry concluded as follows:

"This case is ordered kept on the docket for any other orders of the court." Thereafter at a subsequent term the court modified this decree without the proceedings required by 11631 GC. and this act of the court was made the basis of a petition in error. Held, by the Court of Appeals:

The last sentence above quoted, made the judgment an interlocutory and not final. This being so, its vacation or modification rested in the discretion of the court. The modification at a subsequent term was therefore proper without the proceedings required by statute in the case of final judgments.

Attorneys—Samuel L. Black, for Smith; M. E. Thraikill, Thomas M. Sherman, for Davidson; all of Columbus.

No. 342
HARTLEY v. WHELAN
Ohio Appeals, Franklin County
No. 1185. Decided March 20, 1924
1271—WILLS—Devise to "Bishop of Diocese of Columbus" held to be one for religious purposes and to fall within provisions of 10504 GC.

ALLREAD, J.               Epitomized Opinion
Published Only in Ohio Law Abstract

This action involved the construction of a will made by one Martin Whelan, Sr. In the will the testator devised a farm to his son Martin and devised that if Martin should die without issue the farm should go to "the Bishop of Diocese of Columbus" on certain conditions. Martin, Jr., survived his father and died without issue. Held:

In a devise like the one under consideration where no individuals are named and the devise is to a religious officer or board by official description, the presumption is that the devise is one for religious purposes. So far as the one in this case is a religious devise it falls within the provision of 10504 GC. and must therefore be declared invalid.

Attorneys—Booth, Keating, Pomerene & Goulger, for Hartley; J. M. Butler, L. M. Boger C. L. Bartlett and Griffith & Griffith, for Whelan; all of Columbus.

No. 343
STATE OF OHIO v. STRINGER
Ohio Appeals, Franklin County
No. 1175. Decided March 20, 1924
1053. ROADS—Contract made by County Commissioners held invalid because County Auditor had not first certified that the fund therefor was in the treasury.

KUNKLE, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Common Pleas brought by the State to recover from J. F. Stringer, defendant, and from his surety for failure to complete a road contract. The contract was completed by the State upon an account and this suit brought to recover the excess cost of completing the work. The County Auditor made his certificate as provided by 5660 and 5661 GC. on May 16, 1916. Judgment being rendered for defendants, the State prosecuted error. Held:

The filing of the certificate by the County Auditor stating that the money required was in the treasury to the credit of the fund from which it was to be drawn is a prerequisite to the execution of a valid contract. 107 OS. 406 cited. The agreement of the County Commissioners on April 7, 1916, was therefore invalid. Judgment affirmed.

Attorneys—C. C. Crabbe, Atty. Gen'l, F. C. Williamson and Wm. J. Meyer, Special Counsel, for State; Charles S. Druggan, for Stringer et al; all of Columbus.